CATHERINE THOMPSON,

     Plaintiff,

Case No. 1:15-cv-00119-EJM

vs.

AEGON USA, LLC,

     Defendant.

_____/

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, CATHERINE THOMPSON, by and through her undersigned counsel and hereby sues Defendant, AEGON USA, LLC, hereinafter referred to as ("AEGON") and as grounds states as follows:

1.     This is an action arising under the laws of the United States, specifically the Employees' Retirement Income Security Act of 1974, 29 U.S.C. 1000 – 1461(ERISA), 28 U.S.C. 1331 and under the doctrine of supplemental jurisdiction 29 U.S.C. 1367.

2.     At all times material hereto, Plaintiff CATHERINE THOMPSON was and is a beneficiary under an employer sponsored welfare benefit plan which includes life insurance coverage on the life of her deceased husband Charles Thompson, a long-term employee of Commonwealth General Corporation, a subsidiary of AEGON USA, LLC.

3.     At all times material hereto, AEGON was and is a for-profit corporation with a principle place of business in Cedar Rapids Iowa. More particularly, AEGON was and is the plan administrator of a plan benefit known as the Transamerica Life Insurance Plan (Plan) of which Charles Thompson was a participant. AEGON is therefore the proper defendant to this action.[1]

---

[1] Transamerica is a subsidiary of AEGON and the underwriter of the Life Insurance Plan.

4.      The Plan provided Life Insurance coverage for the life of Charles Thompson in the amount of $230,000 paid for by Thompson's employer.

5.      Upon his retirement, Charles Thompson received a letter from AEGON dated January 9, 2003, advising Thompson that, "Effective on your retirement date, you will have $230,000 of company provided Life Insurance coverage. This coverage will remain in place for your lifetime at no cost to you."

6.      The foregoing was relied upon by Mr. and Mrs. Thompson and the Thompsons took no action to secure additional Life Insurance coverage.

7.      Charles Thompson died on August 29, 2014.

8.      When the Plaintiff filed for death benefits, she was advised by AEGON that the coverage promised to her husband upon his retirement would not be paid. Instead, AEGON advised Plaintiff that only $73,000 was payable.

9.      Plaintiff timely initiated administrative appeals and AEGON denied Plaintiff's claim for the full death benefit promised to Thompson by AEGON.

10.      In its final denial, AEGON asserts that it has discretion under the plan to excuse its conduct in representing to the Thompsons that AEGON was providing Thompson at its expense, $230,000 in Life Insurance coverage, and that Thompson had no basis to rely upon AEGON's representation.

11.      All conditions precedent to the maintenance of this action have occurred and/or been waived by Defendant. More particularly, Plaintiff has exhausted all administrative appeals and AEGON has advised Plaintiff that its decision not to pay benefits is final.

12.      Plaintiff has complied with all conditions precedent for the bringing and/or maintaining this action before the Court.

## COUNT I – RECOVERY OF BENEFITS UNDER ERISA

13.     Plaintiff re-adopts and re-alleges paragraphs 1 through 12 as if fully set forth herein.

14.     This is a claim to recover benefits, enforce rights and clarify future rights to benefits under 29 U.S.C. 1132 (a)(1)(B).   Pursuant to section 1132 (a) (1) (B) Catherine Thompson as a participant in the plan is entitled to sue for judicial determination enforcement of benefits.

15.     At all times material the subject policy as set forth herein was in full force and effect.

16.     The Plaintiff is entitled to $230,000 in death benefits from AEGON.

17.     The Defendant refuses to honor the offer it made to provide Thompson at its expense $230,000 in death benefits.

18.     Plaintiff was entitled to and in fact did rely on the promise by AEGON to provide, at its expense, $230,000 in life insurance coverage.

19.     AEGON does not have discretion under the Plan nor under any theory of law to forgive its own promise to provide the coverage as described above.

20.     The Plaintiff filed multiple appeals of the decision of Defendant.   All appeals were denied.  The Plaintiff remains, to date, eligible and entitled to $230,000 in death benefits.

21.     The Defendant has failed and/or refused to remit payment to Plaintiff for benefits promised.

22.     The Plaintiff has had to engage the services of the undersigned attorneys and otherwise incurred and continues to incur expenses in having to file and prosecute this lawsuit.

WHEREFORE, Plaintiff, Catherine Thompson, demands judgment against Defendant,

AEGON USA, LLC for all damages allowed by law including attorneys' fees, costs, prejudgment interest, back benefits, and any and all other relief this court deems necessary and just.

### COUNT II - BREACH OF FIDUCIARY DUTY UNDER ERISA

23. Plaintiff readopts and re-alleges paragraphs 1 through 12 as if fully set forth herein.

24. This is a claim for breach of fiduciary duty under 29 U.S.C.1132 (A)(3).

25. AEGON is an ERISA fiduciary within the meaning of 29 U.S.C. 1002(21)(A) with respect to the Plan

26. Under ERISA, AEGON owes a fiduciary duty to the plan and its participants to provide all coverage benefits with the appropriate level of care as defined in 29 U.S.C. 1104.

27. Specifically, ERISA imposes on AEGON a duty to act solely in the interests of the plan, its participants and beneficiaries with the exclusive purpose of providing benefits to participants when applicable and defraying reasonable administrative expenses.

20. AEGON has subordinated Plaintiff's interests to its own by excusing a promise AEGON made to Thompson to provide, at its own expense, $230,000 of life insurance coverage to Mr. Thompson and the Plaintiff. This action on the part of AEGON was to avoid paying the money as promised to Mrs. Thompson upon Mr. Thompson's death.

21. AEGON failed, as a plan fiduciary, to enforce (upon itself) the written agreement with Thompson and other plan participants resulting losses to the plan, its beneficiaries and said participants.

22. Refusal to pay death benefits to which Plaintiff is entitled is under the plan constitutes a breach of AEGON's fiduciary duties under ERISA to the plan, its participants and

Catherine in particular.

23.    A reasonably prudent person in a similar capacity and with like familiarity with the facts and circumstances surrounding Mr. Thompson's life insurance coverages and the promises made to Thompson and others by AEGON medical would determine that Catherine is owed death benefits in the amount of $230,000.

24.    AEGON's denial is improper under the applicable plan documents and law.

25.    AEGON's refusal to pay the proper amount of death benefits to Plaintiff is furthermore unreasonable, unsupported by substantial evidence and erroneous as a matter of law.

26.    AEGON also breached its fiduciary duty to the plan, its participants and Thompson in particular by failing to include an appropriate amendment procedure in its summary plan documents 29 U.S.C. 1102(b)(3) and for failing to supply participants with modifications or changes to the plan, 29 U.S.C. 1024(b)(1).


WHEREFORE, Plaintiff, CATHERINE THOMPSON, demands judgment against Defendant, AEGON USA, LLC, for all damages allowed by law including attorneys' fees, costs, prejudgment interest, death benefits as promised and any and all other relief this court deems necessary and just


DATED this 2nd day of November, 2015.

Respectfully submitted,

*/s/John C. Wagner AT0008238*
JOHN C. WAGNER LAW OFFICES, PC
P.O. BOX 262
AMANA, IOWA 52203
Telephone: (319)622-3357
Facsimile: (319) 622-3404
Email: john@jcwagnerlaw.com

*Attorney for Plaintiff*